UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA LUNDAHL BAGA,<br><br>        Plaintiff,<br><br>  v.<br><br>EPLUS TECHNOLOGY, INC.; and EUGENE RATTO, and his marital community,<br><br>        Defendants. | C17-693 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Defendants' Motion to Transfer Venue Under 28 U.S.C. § 1404(a), docket no. 6. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

In November of 2013, defendant ePlus Technology Inc. ("ePlus") hired plaintiff as its National Director of Grants. On November 5, 2013, as a condition of her employment, plaintiff signed an agreement with ePlus entitled "Agreement Relating to Intellectual Property, Confidential Information, Conflicts of Interest" (the "Agreement"). Declaration of Jim Solomone, docket no. 7, Ex. A. Plaintiff began performing work for ePlus on November 13, 2013. Solomone Decl., ¶ 3. Throughout her employment with ePlus, plaintiff worked remotely from her residence in Washington. Baga Decl., ¶ 3.

ORDER - 1

Plaintiff filed this action in King County Superior Court on April 12, 2017, alleging that she was subjected to "pregnancy and sex discrimination" and constructively discharged in Violation of the Washington Law Against Discrimination ("WLAD"). Complaint, docket no. 1-2. Defendants removed the action to this Court.

Defendants move to transfer venue under 28 U.S.C. § 1404(a), arguing that the Agreement contains a forum selection clause that applies to the parties' dispute and requires that it be resolved in Virginia. The forum selection clause provides: "[t]his Agreement shall be governed by, and construed under, the laws of Virginia and any disputes resolved exclusively in courts in Virginia whether such disputes arise under this Agreement *or otherwise relate to my employment*." Solomone Decl., Ex. A, ¶ 14(c) (emphasis added).

**Discussion**

Plaintiff argues that the forum selection clause is inapplicable to her claims under the WLAD, and that even if the clause did apply, it is unenforceable. The Court concludes the forum selection clause in the Agreement is enforceable and controls the parties' dispute. The Court grants defendants' motion to transfer venue to the Eastern District of Virginia.

**A. The Forum Selection Clause Applies to Plaintiff's Claims under the WLAD**

In the Ninth Circuit, forum selection clauses are interpreted according to federal law. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (1988). In *Manetti-Farrow*, the court held that "[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Id.* at 514. Relying on *Manetti-Farrow*, plaintiff contends that because she is asserting statutory rights which are distinct from the Agreement itself, the Agreement need not be interpreted, and therefore, the

ORDER - 2

forum selection clause does not apply to her claims. The forum selection clause in *Manetti-Farrow* applied only to controversies "regarding interpretation or fulfillment" of the contract. *Id.* at 511. In contrast here, the forum selection clause applies more broadly and explicitly encompasses any disputes that "relate to [plaintiff's] employment." The scope of the claims governed by a forum selection clause depends upon the language utilized. *Perry v. AT&T Mobility LLC*, 2011 WL 4080625, at *4 (N.D. Cal. 2011). Because plaintiff's sex discrimination and wrongful termination claims are premised entirely on the existence of the parties' employment relationship, these claims are "related" to plaintiff's employment with ePlus and fall within the scope of the Agreement's forum selection clause. *Sun v. Kao*, 170 F. Supp. 3d 1321 (W.D. Wash. 2016).

**B. The Forum Selection Clause is Valid and Enforceable**

Federal law also governs the enforceability of a forum selection clause. *Peterson v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013). Under federal law, forum selection clauses are presumptively valid and should be honored "absent some compelling and countervailing reason." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)).

There are three reasons a forum selection clause may be unenforceable: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Peterson*, 715 F.3d at 280 (internal quotation marks omitted) (quoting *Murphy*, 362 F.3d at 1140).

ORDER - 3

**1. Fraud and Overreaching**

To establish the invalidity of a forum selection clause on the basis of fraud or overreaching, the party resisting enforcement must "show that the *inclusion of that clause* in the contract was the product of fraud or coercion." *Peterson*, 715 F.3d at 282 (emphasis in original) (quoting *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998)). Plaintiff contends that the forum selection clause was the product of overreaching by ePlus because (1) it was the product of the inherent disparity in bargaining power between the parties; (2) she had no opportunity to negotiate the terms of the Agreement; (3) she received insufficient notice of the clause; and (4) a reasonable person in her position would not have understood that the clause might operate to preclude her from filing suit in her local jurisdiction for disputes related to her employment.[1]  None of these arguments, however, are sufficient to show that the clause is unenforceable.

A differential in bargaining power or education, even in the absence of an opportunity to negotiate, will not vitiate a forum selection clause. *See Murphy*, 362 F.3d at 1141.  And while a party must receive notice of the forum selection clause for it to be enforceable, sufficient notice exists where a party is presented with the clause when she still has the opportunity to reject "the contract with impunity." *See Copiers Nw. v. Johnson*, 2017 WL 406168, at *3 (W.D. Wash. Jan. 31, 2017) (quoting *Carnival Cruise Lines*, 499 U.S. at 594-95).  The mere fact that signing the Agreement was a condition of plaintiff's employment,

---

[1] In making her argument that a reasonable person in her position would not have understood the legal effect of the forum selection clause, plaintiff mischaracterizes the agreement as dealing "exclusively with intellectual property and confidentiality." To the contrary, the Agreement clearly governs the parties' employment relationship as it contains provisions addressing her at-will status and conflicts of interest related to her employment. *See* Solomone Decl., Ex. A, ¶¶ 9, 13.

ORDER - 4

without more, is insufficient to render the clause unenforceable due to alleged overreaching. *See Murphy*, 362 F.3d at 1141; *see also Copiers Nw.*, 2017 WL 406168, at *3.

### 2. Deprivation of Plaintiff's "Day in Court"

To render a forum selection clause unenforceable on hardship grounds, plaintiff must show that the selected forum is so gravely difficult and inconvenient for her that for all practical purposes she will be deprived of her day in court. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996). Plaintiff contends that the inconvenience of requiring her to litigate her claims in Virginia would effectively deprive her of her day in court, most prominently because she lacks sufficient resources. The Supreme Court's decision in *Atl. Marine Constr. Co. v. United States Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568 (2013), however, appears to foreclose this Court's consideration of such convenience-based arguments.

In *Atl. Marine*, the Supreme Court held that where the parties have agreed to a contractually valid forum selection clause, a district court "should not consider arguments about the parties' private interests," such as inconvenience for the parties or their witnesses. 134 S. Ct. at 582. Since *Atl. Marine*, arguments concerning financial hardship and the inconvenience of litigating in a distant forum should not be considered in evaluating whether a forum selection clause is enforceable except in unusual or exceptional cases. *See, e.g.*, *Lunn v. Flower*, 2016 WL 5073928, at *5 (D. S.C. Sept. 20, 2016); *Cream v. N. Leasing Systems, Inc.*, 2015 WL 4606463, at *7 (N.D. Cal. Jul. 31, 2015).[2]

---

[2] Even if the Court were to consider the financial burden and inconvenience plaintiff contends would deprive her of her day in court, plaintiff's non-specific, conclusory allegations are insufficient to invalidate the forum selection clause. *See Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 869 (9th Cir. 1991).

ORDER - 5

### 3. Contravention of Washington Public Policy

In support of her argument that enforcing the forum selection clause in the Agreement is contrary to Washington public policy, plaintiff cites RCW 49.60.010, the "Purpose of chapter" provision of the WLAD. As defendants correctly point out, however, noticeably absent from this provision is any language expressing a public policy that claims under the WLAD be adjudicated in Washington. Rather, the provision reflects Washington's strong public policy prohibiting discrimination against its residents. In fact, Washington courts have affirmatively expressed that reasonable forum selection clauses should be enforced. *See Wilcox v. Lexington Eye Institute*, 130 Wn. App. 234, 239 (2005). Plaintiff has not shown that enforcement of the forum selection clause contravenes Washington public policy underlying the WLAD.

### C. Transfer to the Eastern District of Virginia is Warranted

In determining whether transfer pursuant to a valid forum selection clause is appropriate, "the plaintiff's choice of forum merits no weight," *Atl. Marine*, 134 S. Ct. at 581, and the Court should consider only those arguments premised on "public interest factors,"[3] *id.* at 582. Because public interest factors "will rarely defeat an otherwise valid forum selection

---

Plaintiff has failed to produce any evidence regarding her financial means or the travel costs she claims would be "financially difficult" for her family. Plaintiff's allegations that her young child and new job would make traveling to Virginia nearly impossible are likewise entirely conclusory. Plaintiff provides no explanation of how litigating her claims in Virginia would impact her current employment, other than to simply conclude that "it could significa[n]tly impact [m]y job." Finally, plaintiff's claim that retaining new counsel would be "difficult and costly" is similarly unsupported. As defendants note, plaintiff has not shown that she would be unable to obtain counsel in Virginia or explained why her current counsel could not associate with such an individual to assist with the intricacies of Washington law.

[3] Public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581, n.6 (alteration in original) (quoting *Piper* Aircraft, 454 U.S. at 241, n. 6).

ORDER - 6

clause," such clauses should be "given controlling weight in all but the most exceptional cases." *Id.* at 581, 582.  Here, plaintiff has not identified any public interest factor that brings this case into the realm of the exceptional[4] and therefore the forum selection clause dispositively determines the appropriate venue.

**Conclusion**

For the foregoing reasons, defendants' Motion to Transfer Venue under 28 U.S.C. § 1404(a), docket no. 6, is GRANTED, and this matter is hereby TRANSFERRED to the Eastern District of Virginia.

IT IS SO ORDERED.

Dated this 27th day of June, 2017.

Thomas S. Zilly
United States District Judge

---

[4] Plaintiff's claims present straightforward issues of employment discrimination unlikely to "defy comprehension by a federal judge sitting in Virginia." *Atl. Marine*, 134 S. Ct. at 584. As such, there should be little concern that a Virginia federal judge might have difficulty applying the WLAD, especially in light of the fact that Washington courts routinely look to Title VII case law. *See Ellorin v. Applied Finishing, Inc.*, 996 F. Supp. 2d 1070, 1081 (W.D. Wash. Feb. 7, 2014) (collecting cases).

ORDER - 7